UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LAKEVIEW LOAN SERVICING, LLC     CIVIL ACTION

VERSUS

HARRISON TRUEHILL     NO. 25-00255-BAJ-RLB

### RULING AND ORDER

Defendant, proceeding *pro se*, has filed an **Emergency Motion For Temporary Restraining Order** (Doc. 2, the "Motion"). Defendant contends that he is the homeowner and current occupant of residential property in Ascension Parish, Louisiana, which is the subject of a foreclosure action filed by Plaintiff in state court. (Doc. 2 at 1). Defendant argues that although his debt has been discharged, Defendant and the Ascension Parish Sheriff intend to proceed with a Sheriff's sale of Defendant's property on April 2, 2025. (*Id.* at 2).

Defendant further asserts that he filed a Motion for a Temporary Restraining Order in state court, but the state court denied his Motion. (*Id.*). Defendant alleges that the state court's "refusal to hold a hearing or evaluate the merits of Defendant's federal defenses constitutes a denial of procedural due process under the Fourteenth Amendment." (*Id.*). Thus, Defendant asks the Court to enjoin Plaintiff and the Ascension Parish Sheriff from proceeding with the April 2, 2025 Sheriff's sale. (*Id.*; *see also* Doc. 2-1).

Federal Rule of Civil Procedure ("Rule") 65(b)(1) provides:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney ***only if***:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; ***and***
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A)-(B) (emphasis added).

Defendant has failed to comply with Rule 65(b)(1)(A) because he has not provided specific facts in an affidavit or a verified complaint. Defendant's failure to comply with Rule 65(b)(1)'s verification requirements, standing alone, is a sufficient basis to deny his request for a TRO. *See Stevenson v. Benjamin*, No. CV 19-00637-BAJ-SDJ, 2021 WL 11592389, at *1 (M.D. La. Feb. 17, 2021) (denying *pro se* plaintiff's motion for temporary restraining order due to failure to comply with Rule 65's notice requirements); *Hampton v. First Guaranty Mortgage Corp.*, No. 16-cv-632, 2016 WL 5796886, at *1 (M.D. La. Sept. 30, 2016) (same); *Spears v. Scales*, No. 15-11-SDD-RLB, 2016 WL 3774069, at *1 (M.D. La. July 13, 2016) (same).

Accordingly,

**IT IS ORDERED** that Defendant's **Emergency Motion For Temporary Restraining Order (Doc. 2)** be and is hereby **DENIED**.

Baton Rouge, Louisiana, this 1st day of April, 2025

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**