UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LAKEVIEW LOAN SERVICING, LLC** | **CIVIL ACTION** |
| **VERSUS** | |
| **HARRISON TRUEHILL** | **NO. 25-00255-BAJ-RLB** |

RULING AND ORDER

Before the Court is Defendant Harrison Truehill's **Motion for Leave to File Verified Temporary Restraining Order and Amended Exhibits** (Doc. 8, the "Motion").

The Court denied Truehill's previous Motion for Temporary Restraining Order (Doc. 2) for failure to comply with Federal Rule of Civil Procedure 65. (Doc. 7). Truehill now asks the Court for leave to file a second Motion for Temporary Restraining Order to cure procedural defects. (Doc. 8). For the following reasons, Truehill's Motion is **DENIED**.

This matter originated in state court. Plaintiff Lakeview Loan Servicing, LLC ("Lakeview") filed a Petition for Mortgage Foreclosure by Executory Process with Appraisal (Doc. 1-4 at 2–5), specifically availing itself of the executory process proscribed under Louisiana law at Louisiana Code of Civil Procedure article 2631, *et seq*. (Doc. 1-4 at 2–5). Truehill asserts that this State court action was removed solely based on federal question jurisdiction:

23rd JDC

> Defendant now removes this case to the United States District Court for the Middle District of Louisiana pursuant to:
>
> Federal Question Jurisdiction under 28 U.S.C. § 1331, based on Defendant's affirmative defenses and counterclaims involving violations of 22 U.S.C. § 7102(11) (debt bondage).

(Doc. 1 at 1). Truehill does not allege, much less demonstrate, that any federal question was raised in the original State court petition.

Truehill relies solely on his asserted affirmative defenses and counterclaims to establish a federal question in this action. According to the "well-pleaded complaint rule," federal jurisdiction is conferred only when a federal question appears on the face of the plaintiff's complaint, not in a defendant's pleadings. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also PCI Transp., Inc. v. Fort Worth & Western R. Co.*, 418 F.3d 535, 543 (5th Cir. 2005) ("Potential defenses . . . do not provide a basis for removal"). In short, federal defenses and counterclaims to a State court executory proceeding do not establish federal question jurisdiction in a removed action. *See Bank of N.Y. Mellon v. Laugand*, No. 17-67-BAJ-RLB, 2017 WL 9485533, at *2–4 (M.D. La. Sept. 21, 2017), *report and recommendation adopted*, 2017 WL 4682719 (M.D. La. Oct. 18, 2017) ("Litigating state-law foreclosure lawsuits . . . in a federal forum thus 'threaten[s] to affect . . . the normal currents of litigation,' in which foreclosure proceedings are generally litigated in state courts.").

Truehill does not assert that there is diversity jurisdiction under 28 U.S.C. § 1332. Even if he had, this would not be a proper ground for the exercise of subject matter jurisdiction. First, Truehill has not established that there is complete diversity of citizenship between the parties. Second, even if there was

2

complete diversity, there is no evidence that Lakeview converted this executory process action into an ordinary proceeding. Accordingly, it would be improper for the Court to exercise original jurisdiction over this removed action even if Truehill could establish complete diversity. *Bank of N.Y. Mellon,* 2017 WL 4682719, at *2 ("[T]here is no absolute bar to litigating foreclosure proceedings in federal court; however, to be litigated in federal court a foreclosure proceeding must be converted from executory process to ordinary process by the plaintiff or upon his consent.").

Finally, an exercise of subject-matter jurisdiction over this removed action is barred by the *Rooker-Feldman* doctrine, which bars federal district courts from "modify[ing] or revers[ing] state court judgments." *Truong v. Bank of America, N.A.*, 717 F.3d 377, 382 (5th Cir. 2013); *see Rooker v. Fid. Tr. Co.,* 263 U.S. 413, 415–17 (1923); *D.C. Court of Appeals v. Feldman,* 460 U.S. 462, 482–86 (1983). "The *Rooker-Feldman* doctrine precludes the exercise of subject-matter jurisdiction where a plaintiff seeks to set aside a state foreclosure judgment ordering the seizure and sale of property." *Berry v. Wells Fargo Bank, N.A.*, No. 22-889-JWD-RLB, 2023 WL 5230826, at *8 (M.D. La. July 26, 2023), *report and recommendation adopted*, 2023 WL 5228922 (M.D. La. Aug. 14, 2023) (remanding action).

Here, Truehill removed this action after the state court issued an order to seize and sell his property. (Doc. 1-4 at 6). Truehill seeks injunctive relief with respect to the Sheriff's Sale authorized pursuant to Louisiana's executory process. Under these circumstances, the action is barred by the *Rooker-Feldman* doctrine because it effectively seeks a ruling voiding the state foreclosure judgment.

Based on the foregoing, Truehill has not met his burden of establishing federal subject matter jurisdiction over this removed action. Because remand of this action is proper for lack of subject-matter jurisdiction, it is improper to address Lakeview's Motion to Dismiss pursuant to Rule 12(b)(6).

Accordingly,

**IT IS ORDERED** that Defendant's **Motion For Leave to File Temporary Restraining Order (Doc. 8)** is **DENIED**.

**IT IS FURTHER ORDERED** that this action be and is hereby **REMANDED** to the 23rd Judicial District Court, Ascension Parish, Louisiana.

Baton Rouge, Louisiana, this 14th day of April, 2025

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**